# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ABINGDON DIVISION

| | |
|---|---|
| **CODY J. DONOVAN,** | ) |
| Plaintiff, | ) Case No. 1:21CV00005 |
| v. | ) **OPINION AND ORDER** |
| **BUCHANAN COUNTY SHERIFF'S OFFICE, ET AL.,** | ) JUDGE JAMES P. JONES |
| Defendants. | ) |

Plaintiff Cody J. Donovan, proceeding pro se, requests that the time for service of process be extended after he failed to serve the defendants within the statutory 90-day time period allowed under Fed. R. Civ. P. 4(m). Because the plaintiff is proceeding pro se, and the statute of limitations might bar the plaintiff's action if an extension were not granted, I will grant the plaintiff's motion.

I.

On January 19, 2021, Donovan filed this action under 42 U.S.C. § 1983. The complaint alleges that the defendants — Buchanan County Sheriff's Office, Grundy Police Department, Southwest Virginia Regional Jail Authority, Chief Aaron Fletcher of the Grundy Police Department, and Former Deputy Shannon McCoy and Deputy Sgt. Brandon Hall of the Buchanan County Sheriff's Office — are liable for intentionally and willfully subjecting him to unlawful use of force, failing to provide

adequate medical care, and false arrest and false imprisonment in violation of his constitutional rights. The events that gave rise to these claims occurred on or about January 21, 2019.

Donovan filed his complaint on January 19, 2021. Upon filing of the complaint, in accordance with Fed. R. Civ. P. 4(m), Donovan was required to obtain service of the summons and complaint upon the defendants within 90 days. On August 16, 2021, this court notified Donovan that he had failed to provide service within the statutory period and ordered that he show good cause for such failure, or the case would be dismissed without prejudice. Order, ECF No. 2. On August 30, 2021, Donovan responded to this court's order, explaining that, as a pro se litigant, he expected to receive more guidance from the court regarding how to proceed with this case. He then requested an extension to serve the summons and complaint upon the defendants. Further, Donovan asked that this court stay the proceedings in this case pending resolution of his related state criminal case in Buchanan County Circuit Court, Case No. CR-20000356-00, CR-20000357-00.

II.

Fed. R. Civ. P. 4(m) provides that a plaintiff must obtain service of the summons and the complaint upon defendants within 90 days of filing a cause of action. The court may grant an extension of time for service of process provided that good cause is shown for failure to do so within the statutory time period. Fed.

R. Civ. P. 4(m). "Because the question of what constitutes 'good cause' necessarily is determined on a case-by-case basis within the discretion of the district court, courts have declined to give it a concrete definition, preferring to analyzing a number of factors." *Scott v. Md. State Dep't of Labor*, 673 F. App'x 299, 306 (4th Cir. 2016) (unpublished). A court may consider, for example, "whether: 1) the delay in service was outside the plaintiff's control, 2) the defendant was evasive, 3) the plaintiff acted diligently or made reasonable efforts, 4) the plaintiff is *pro se* or *in forma pauperis*, 5) the defendant will be prejudiced, or 6) the plaintiff asked for an extension of time under 6(b)(1)(A)." *Id.* Additionally, the court may consider if the applicable statute of limitations would bar the refiled action. *See, e.g.*, *Kurka v. Iowa Cnty.*, 628 F.3d 953, 958 (8th Cir. 2010) (collecting cases).

In Section 1983 actions, courts apply the statute of limitations for personal injuries of the state in which the alleged violations occurred. *DePaola v. Clarke*, 884 F.3d 481, 486 (4th Cir. 2018). The applicable statute of limitations in Virginia is two years. *See id.*; Va. Code Ann. § 8.01–243(A). Donovan filed this action on January 19, 2021, successfully tolling the statute of limitations just shy of the two-year period that would have barred the cause of action.[1] Accordingly, if additional

---

[1] A dismissal for failure to serve process under Fed. R. Civ. P. 4(m) is without prejudice. *Mendez v. Elliot*, 45 F. 3d 75, 78 (4th Cir. 1995). However, the "without prejudice" provision does not give a party "a right to refile without the consequences of time defenses, such as the statute of limitations." *Id.* The tolling of the statute of limitations under § 1983 is governed by state law. *See Bd. of Regents v. Tomanio*, 446 U.S. 478, 485–

time is not granted, Donovan's cause of action is likely to be precluded because the statute of limitations will run within just two days.  Moreover, as he is currently proceeding pro se, I am inclined to excuse his failure to comply with the service of process requirement and find that good cause is present in this case.  I will therefore grant Donovan's first request for a time extension.  However, I will not consider at this time Donovan's second request to stay these proceedings pending the resolution of his criminal case until after defendants have been served.

### III.

For the reasons stated, it is **ORDERED** as follows:

1. The plaintiff's request for an extension for service of process, ECF No. 3, is GRANTED; and

2. The plaintiff is granted thirty days from the date of entry of this order to serve the summons and complaint on the defendants in a manner provided by the law.

ENTER:   October 5, 2021

/s/  JAMES P. JONES
Senior United States District Judge

---

86 (1980).  The applicable state statute, Va. Code Ann. § 8.01–229(E)(1), states that if an action is filed within the appropriate period but is later dismissed for a reason other than a determination on the merits, "the time such action is pending shall not be computed as part of the period within which such action may be brought and another action may be brought within the remaining period."  *Id.*  Section 8.01-229(E)(1) applies in § 1983 actions.  *Bellamy v. Davis*, No. 3:18CV137, 2020 WL 479182, at *2 (E.D. Va. Jan. 29, 2020).